## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHARON BURRELL,  an individual** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **V.** | ) **Case No.** |
| | ) |
| **RESER'S FINE FOODS** | ) |
| | ) |
| **DEFENDANT.** | ) **Jury Trial Demanded** |
| | ) |

## COMPLAINT WITH JURY DEMAND

Plaintiff Sharon Burrell brings the following Complaint against Reser's Fine Foods, and for her claim against the Defendant, states and alleges the following:

## JURISDICTION AND VENUE

1.      Plaintiff is a resident of Topeka, Sedgwick County, Kansas and was employed by the Defendant Reser's Fine Foods, Inc. in Topeka, Kansas (hereafter "Reser's").  She is a female of mixed race, black and Native American.

2.      Defendant Reser's is a foreign corporation doing business in the State of Kansas.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 12391(b), inasmuch as the Defendant has offices, conducts business, and can be found within the District of Kansas and the cause of action has arisen and occurred in substantial part in the District of Kansas.

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that it arises under the laws of the United States of America, namely, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d) *et seq.*, as amended.

5.      Defendant is an employer and Plaintiff was employed with Defendant within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et. seq.* as amended.

6.      Plaintiff timely filed a Charge of Discrimination with the Kansas Human Rights Commission, dual filed with the Equal Employment Opportunity Commission.

7.      On January 23, 2020, the EEOC issued a Notice of Right to Sue to Plaintiff.

8.      All conditions precedent have been met prior to the filing of this Complaint.

## BACKGROUND ALLEGATIONS

9.      Plaintiff was employed at Reser's for approximately four years beginning as a receptionist in the Human Relations Department, then as a Production Assistant.

10.      Plaintiff met all reasonable expectations for her position and was given additional job duties outside of her position description due to her efficiency.

11.      Beginning in approximately 2015, Plaintiff was subjected to an unwelcome, offensive, hostile work environment and discriminatory treatment on the basis of her sex, race, perceived disability, and national origin that was offensive, pervasive, and altered the terms or conditions of her employment.

12.      Beginning in approximately 2015, Plaintiff was subjected to disparate treatment based upon her sex, race, national origin, and perceived disability.

13.      On or about September 24, 2017, Plaintiff sent an email to Reser's corporate office describing incidents of harassment and discrimination that she had experienced at Reser's.

14.      Plaintiff's complaint was protected opposition to discrimination in the workplace.

15.      Reser's Human Resources division promised an investigation into the allegations would take place.

16.      In addition to her complaints of discrimination, Plaintiff also told Human Resources and others about recurring issues of inventory control, including loss of inventory that cost the company thousands of dollars.

17.     Subsequent to the letter to Human Resources, Plaintiff became the butt of jokes, targeted racial, ethnic, and national origin harassment, and other forms of retaliation including physical threats.

18.     Subsequent to her reports of missing and mishandled inventory, Plaintiff was ridiculed, intimidated, and threatened.

19.     On or about January 2018, Plaintiff was placed on paid leave being told that with the threats of a physical nature the company believed they could not keep her safe.

20.     In approximately February 2018, Plaintiff was told that she would have to submit to a Fitness for Duty examination before she could return to work.  The company made an appointment with a psychologist in Kansas City to conduct the required testing.

21.     Plaintiff was involuntarily placed on unpaid leave through FMLA until she could complete the testing.

22.     On or about March 2018, Plaintiff was told by the company that she could not return to work until she completed the therapy and other requirements as set forth by the therapist to whom the company sent her.

23.     Plaintiff requested a copy of the FFD examination from the examiner chosen by the Company.  Plaintiff was told that she could not receive a copy of the report; it was for the Company only.  She was also not told of the diagnoses, prognoses, or even the requirements the examiner had for her to return to work.

24.     Plaintiff was left in limbo regarding her position, neither allowed back to work nor given any path to return to work.

25.     Plaintiff contacted Reser's about her situation on or about March 2018 and was told to remain on unpaid leave.  On or about April 2018, Plaintiff was constructively discharged from

her position at Reser's as they required her to remain on unpaid leave under FMLA for the foreseeable future with no information as to when or whether she would be allowed to return to work.

## COUNT 1:  HOSTILE ENVIRONMENT BASED ON RACE AND NATIONAL ORIGIN

26.     Plaintiff incorporates herein each averment and statement contained in Paragraphs 1–23 of this Complaint.

27.     During the course of Plaintiff's employment with Defendant Reser's, Plaintiff experienced a racially hostile environment in that:

    a.      Plaintiff was subjected to harassment;

    b.      the harassment was unwelcome;

    c.      the harassment was based upon Plaintiff's race and national origin;

    d.      the harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive; and

    e.      at the time the harassment occurred and as a result of it, Plaintiff believed the work environment to be hostile or abusive.

    f.      Defendants knew or should have known of the harassment; and

    g.      Defendants failed to take prompt, appropriate corrective action to end the harassment.

28.     As a result of Defendants' actions and failure to act, Plaintiff has lost wages and other employment-related financial benefits, has experienced emotional pain, suffering, humiliation, embarrassment, mental anguish, and loss of enjoyment of life.  She has suffered physical injury, damage to her reputation and good standing in the community, and has been deprived of a work environment free from harassment, hostility and discrimination.

29.     As a direct consequence of said discriminatory harassment, Plaintiff is entitled to recover compensatory damages from and against the Defendants, including but not limited to emotional distress, personal and physical injury, loss of pay, loss of benefits, loss of earning capacity, front pay and other compensatory damages, punitive damages, and attorneys' fees.

## COUNT 2:  DISPARATE TREATMENT BASED ON RACE AND NATIONAL ORIGIN

30.     Plaintiff incorporates herein every allegation, averment, and statement contained in Paragraphs 1–29 of this complaint.

31.     Plaintiff, who is a black female, is a member of a protected class.

32.     Plaintiff suffered adverse treatment in the terms and conditions of employment and was ultimately constructively discharged.

33.     Plaintiff was treated less favorably than other similarly situated white employees.

34.     Plaintiff's race and national origin were contributing and/or motivating factors or played a part in Defendants' actions.

35.     As a result of Defendant's actions and failure to act, Plaintiff has lost wages and other employment-related financial benefits, has experienced emotional pain, suffering, humiliation, embarrassment, mental anguish, and loss of enjoyment of life.  She has suffered physical injury, damage to her reputation and good standing in her community, and has been deprived of a work environment free of harassment, hostility, and discrimination.

36.     As a direct consequence of said discriminatory disparate treatment, Plaintiff is entitled to recover compensatory damages from and against the Defendant, including, but not limited to, emotional distress, loss of pay, loss of benefits, loss of earning capacity, front pay, and other compensatory damages, punitive damages, and attorney's fees.

**COUNT 3:   HOSTILE ENVIRONMENT OF THE BASIS OF SEX**

37.    Plaintiff incorporates herein every allegation, averment and statement contained Paragraphs 1–36 of this complaint.

38.    During the course of Plaintiff's employment with the Defendant Reser's, Plaintiff experienced a hostile work environment based on sex in that:

      a.    Plaintiff was subjected to harassment;

      b.    The harassment was unwelcome;

      c.    The harassment was based upon Plaintiff's sex;

      d.    The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

      e.    At the time the harassment occurred and as a result of it, Plaintiff believed the work environment to be hostile or abusive;

      f.    Defendants knew or should have known of the harassment; and

      g.    Defendants failed to take prompt, appropriate corrective action to end the harassment.

39.    As a result of Defendants' actions and failure to act, Plaintiff has lost wages and other employment-related financial benefits, has experienced emotional pain, suffering, humiliation, embarrassment, mental anguish, personal injury, and loss of enjoyment of life.  She has suffered physical injury, damage to her reputation and good standing in her community, and has been deprived of a work environment free of harassment, hostility, and discrimination.

40.    As a direct consequence of said discriminatory harassment, Plaintiff is entitled to recover compensatory damages from and against the Defendants, including, but not limited to,

emotional distress, loss of pay, loss of benefits, loss of earning capacity, front pay, and other compensatory damages, punitive damages, and attorneys' fees.

## COUNT 4:  DISPARATE TREATMENT BASED ON SEX

41.     Plaintiff incorporates herein every allegation, averment and statement contained in Paragraphs 1–40 of this complaint.

42.     Plaintiff, who was a female, is a member of a protected class.

43.     Plaintiff suffered adverse treatment in the terms and conditions of employment and was ultimately constructively discharged.

44.     Plaintiff was treated less favorably than other similarly situated employees who were not female.

45.     Plaintiff's gender was a contributing and/or motivating factor or played a part in Defendants' actions.

46.     As a result of Defendant's actions and failure to act, Plaintiff has lost wages and other employment-related financial benefits, has experienced emotional pain, suffering, humiliation, embarrassment, mental anguish, and loss of enjoyment of life.  She has suffered physical injury, damage to her reputation and good standing in her community, and has been deprived of a work environment free of harassment, hostility, and discrimination.

47.     As a direct consequence of said discriminatory disparate treatment, Plaintiff is entitled to recover compensatory damages from and against the Defendant, including, but not limited to, emotional distress, loss of pay, personal and physical injury, loss of benefits, loss of earning capacity, front pay, and other compensatory damages, punitive damages, and attorneys' fees.

## COUNT 5:  RETALIATION
### (All Defendants)

48.     Plaintiff incorporates herein every allegation, averment and statement contained in Paragraphs 1–47 of this complaint.

49.     Plaintiff complained to Defendant Reser's that other employees were harassing and/or discriminating against her on the basis of race and gender; and

50.     Plaintiff reasonably believed that Plaintiff was being harassed and/or discriminated against on the basis of race and gender; and

51.     Defendants engaged in adverse actions against Plaintiff including:

a.      Failing to appropriately investigate Plaintiff's complaints of harassment and discrimination;

b.      Harassing Plaintiff on the basis of race and national origin;

c.      Sexually harassing Plaintiff on an ongoing basis;

d.      Disciplining Plaintiff for things for which Plaintiff was not to blame;

e.      Failing to remove Plaintiff from a hostile work environment;

f.      Engaging in Disparate Treatment of Plaintiff on the basis of race and national origin;

g.      Engaging in disparate treatment of Plaintiff on the basis of sex;

h.      Harassing Plaintiff on the basis of perceived disability;

i.      Engaging in disparate treatment of Plaintiff on the basis of perceived disability;

j.      Constructively discharging Plaintiff; and

k.      Other similar actions.

8

52.     Plaintiff's complaint of sexual harassment and/or race discrimination was a contributing and/or motivating factor in the adverse actions taken against Plaintiff.

53.     As a result of Defendant's actions and failure to act, Plaintiff has lost wages and other employment-related financial benefits, has experienced emotional pain, suffering, humiliation, embarrassment, mental anguish, and loss of enjoyment of life.  She has suffered physical injury, damage to her reputation and good standing in her community, and has been deprived of a work environment free of harassment, hostility, and discrimination.

54.     As a direct consequence of said discriminatory retaliation, Plaintiff is entitled to recover compensatory damages from and against the Defendant, including, but not limited to, emotional distress, loss of pay, personal injury, loss of benefits, loss of earning capacity, front pay, and other compensatory damages, punitive damages, and attorneys' fees.

### COUNT 6:  DISCRIMINATION BASED UPON PERCEIVED DISABILITY

55.     Plaintiff incorporates herein every allegation, averment and statement contained in Paragraphs 1–54 of this complaint.

56.     Plaintiff's perceived disability was a motivating factor in the harassment and discrimination she endured.

57.     Plaintiff's perceived disability was a motivating factor in her constructive discharge.

58.     Defendant perceived Plaintiff as having a disability, requiring her to undergo a Fitness for Duty evaluation.

59.     To return to work, the Plaintiff underwent the requisite psychological fitness exam with Reser's chosen psychologist.  They provided the psychologist with all records and information pertinent to her ability to return to work.

60.     As a result of Defendant's actions and failure to act, Plaintiff has lost wages and other employment-related financial benefits, has experienced emotional pain, suffering, humiliation, embarrassment, mental anguish, and loss of enjoyment of life.  She has suffered physical injury, damage to her reputation and good standing in her community, and has been deprived of a work environment free of harassment, hostility, and discrimination.

61.     As a direct consequence of said discriminatory retaliation, Plaintiff is entitled to recover compensatory damages from and against the Defendant, including, but not limited to, emotional distress, loss of pay, personal injury, loss of benefits, loss of earning capacity, front pay, and other compensatory damages, punitive damages, and attorneys' fees.

## COUNT 7: CONSTRUCTIVE DISCHARGE

62.     Plaintiff incorporates herein every allegation, averment and statement contained in Paragraphs 1–61 of this complaint.

63.     Plaintiff was subjected to continued discrimination on the basis of race and sex as well as a hostile work environment in violation of Title VII.

64.     Plaintiff was retaliated against for complaining to Human Resources about the discrimination and hostility in the workplace.

65.     Defendant did not change its discriminatory behavior toward Plaintiff even after she made her complaint.

66.     Instead, Defendants increased their discriminatory and retaliatory behavior by placing Plaintiff on unpaid leave and forcing her to have a Fitness for Duty mental evaluation;

67.     Even after Plaintiff complied with the Fitness for Duty mental evaluation, Defendant would not allow Plaintiff to return to work in a paid capacity.

68.     The mistreatment and discrimination continued and became so intolerable that any reasonable employee would quit rather than continue to work in that environment.

69.     Because of the discrimination and mistreatment, in approximately April 2018, Plaintiff was forced to quit her position at Reser's.

70.     As a result of Defendants' actions, Plaintiff has lost and continues to lose wages and other financial benefits connected to employment, and has experienced emotional pain, suffering, humiliation, embarrassment, mental anguish, and loss of enjoyment of life.

71.     As a direct consequence of said unlawful treatment, Plaintiff is entitled to judgment against the Defendant for all actual and compensatory damages which she has incurred including personal and physical injury; for injunctive and declaratory relief against the Defendant; for attorneys' fees and costs, and for such other relief as the Court deems proper and just under the circumstances.

72.     At all times mentioned herein, the perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant Reser's liable for said actions under the doctrine of *respondeat superior*.

## COUNT 8:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73.     Plaintiff incorporates herein by this reference each and every allegation, averment and statement heretofore pleaded.

74.     Defendant exercised a pattern of outrageous behavior intended to or with reckless disregard to humiliate and degrade Plaintiff and cause her emotional distress including, but not limited to:

        a.      After Plaintiff complained to HR and to the main office about the discrimination and losses of inventory, Defendant aided, abetted, allowed, tolerated, and

11

encouraged a pattern of outrageous conduct including intimidating threats of physical harm, termination, and other kinds of threats;

b.      Acting in a manner in which Plaintiff was stigmatized as suffering a mental illness;

c.      Invading the Facebook page of Plaintiff and teasing, harassing, humiliating, and confronting her about the information found on that page.

75.      Defendant Reser's conduct caused the Plaintiff severe emotional distress.

76.      The Plaintiff suffered an extreme, disabling emotional response to the Defendant's outrageous conduct.

77.      As a direct and proximate result of the conduct of Defendant and the conduct of the supervisors and managers acting within the course and scope of their employment, Plaintiff suffered grievous injury and damage including, but not limited to past, present, and future medical and psychiatric expense, lost wages, lost earning capacity, mental anguish and pain including humiliation, embarrassment, depression, anxiety, anger, and lost enjoyment of life.

78.      As a result of Defendant's actions and failure to act, Plaintiff has lost wages and other employment-related financial benefits, has experienced emotional pain, suffering, humiliation, embarrassment, mental anguish, and loss of enjoyment of life.  She has suffered physical injury, damage to her reputation and good standing in her community, and has been deprived of a work environment free of harassment, hostility, and discrimination.

79.      As a direct consequence of said discriminatory retaliation, Plaintiff is entitled to recover compensatory damages from and against the Defendant, including, but not limited to, emotional distress, loss of pay, personal injury, loss of benefits, loss of earning capacity, front pay, and other compensatory damages, punitive damages, and attorneys' fees.

WHEREFORE, Plaintiff respectfully prays that this Court:

1.      Issue judgment against the Defendant for all the damages which Plaintiff has incurred, including physical and personal injury, emotional distress, back pay, future pay, lost benefits, and all compensatory damages to which the Plaintiff is entitled;

2.      Issue judgment against the Defendant for any punitive and/or statutory damages to which the Plaintiff is entitled due to the Defendant's intentional violations of the rights of the Plaintiff;

3.      Award Plaintiff her reasonable attorneys' fees, costs, and expenses; and

4.      Award to Plaintiff such other and further relief as may be appropriate.

Respectfully submitted,


*/s/ Rebecca M. Randles*
REBECCA M. RANDLES                    KS #16832
**RANDLES MATA, LLC**
851 NW 45th Street
Suite 310
Kansas City, Missouri 64116
(816) 931-9901
(816) 931-0134 (FAX)
rebecca@randlesmatalaw.com

ATTORNEY FOR PLAINTIFF


## PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues.


*/s/ Rebecca M. Randles*
Rebecca M. Randles